SURF CITY LAWYERS
CHRISTINE A. WILTON, ESQ. [Bar No. 256503]
ANNA SERRAMBANA, ESQ. [Bar No. 230390]
5011 Argosy Ave., Suite 3
Huntington Beach, CA 92649
email: anna@a-rlawgroup.com
Telephone: (714) 533-9210
Facsimile: (714) 489-8150

Attorneys for Plaintiff, RANESHA WILLIAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANESHA WILLIAMS, an individual;<br><br>           Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; XEROX EDUCATION SERVICES, LLC dba ACS EDUCATION SERVICES ("ACS"); EXPERIAN INFORMATION SOLUTIONS INC.; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Credit Reporting Practices)**<br><br>**Demand Does Not Exceed $10,000** |

<u>**COMPLAINT**</u>

Plaintiff Ranesha Williams ("Plaintiff"), by her attorneys, Christine Wilton and Anna Serrambana, alleges the following against Defendants, Wells

1

**COMPLAINT**

Fargo Financial Services, Xerox Education Services, LLC doing business as ACS Education Services ("ACS"), Experian Information Solutions Inc ("Experian") and Does 1 through 10 (collectively referred to as "Defendants").

## INTRODUCTION

1.  Count I of Plaintiff's Complaint against Wells Fargo, N.A. and Xerox Education Services, LLC dba ACS Education Services is based on the Fair Credit Reporting Act, 15 U.S.C. .§1681 et seq. ("FCRA").

2.  Count II of Plaintiff's Complaint against Experian Information Solutions Inc. is based on the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

## VENUE AND JURISDICTION

3.  Jurisdiction of this Court arises pursuant to 15 U.S.C. §1681(p), which provides that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4.  Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District, and one or more defendants resides and may be found in this Judicial District within the meaning of 28 U.S.C. §1391(c).

## PARTIES

5.  Plaintiff, Ranesha Williams, is a natural person who resides in the City of Norwalk, County of Los Angeles, State of California. Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. §603(c).

6.  Upon information and belief Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a company with its primary office in Sioux Falls, South Dakota and branch offices located throughout Los Angeles County, California. At all relevant times herein, Defendant Wells Fargo was an entity which engaged in the practice of providing consumer information to consumer reporting agencies,

**COMPLAINT**

and is therefore a "furnisher of information: as discussed in 15 U.S.C. s623 and other sections of the FCRA.

7. Upon information and belief Defendant Xerox Educations Services, LLC dba ACS Education Services ("ACS") is a Delaware limited liability company with its primary office in Dallas, Texas and a registered foreign limited liability in California. At all relevant times herein, Defendant ACS was an entity which engaged in the practice of providing consumer information to consumer reporting agencies, and is therefore a "furnisher of information: as discussed in 15 U.S.C. §623 and other sections of the FCRA.

8. Upon information and belief, Defendant Experian Information Solutions, Inc.("Experian") is a national corporation with its office in Costa Mesa, California. At all relevant times herein, Defendant Experian was an entity which, for monetary fees, dues or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility or interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by U.S.C. §603(f).

9. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**COMPLAINT**

## **FACTUAL ALLEGATIONS**

11. In 2007 and 2008, Plaintiff applied for and received three separate student loans from Defendants Wells Fargo.

12. Defendants have now re-aged Plaintiff's debts with Wells Fargo and are reporting these stale debts as owing. Defendant ACS has re-aged one of the student loan debts to October 2011 when this debt was originally due much earlier.

13. Defendant Wells Fargo is incorrectly reporting that Plaintiff was 60 days late in October 2010. However, Plaintiff had entered into a forbearance agreement in July 2010 with Wells Fargo. Therefore, this debt could not be 60 days late in October 2010, as reported by Wells Fargo in Plaintiff's credit report.

14. As of this filing, Plaintiff's credit report from Experian is still erroneous. These three stale debts have been re-aged and are being reported as due and owing and as recently acquired debt. Plaintiff has taken no action which would cause for the debt to be new and owning and has not recently paid on these accounts.

15. Plaintiff has contacted Defendants via a dispute letter in order that they correct the erroneous marks from her credit report to no avail.

16. To date, the negative information reported by Defendants remains on Plaintiff's Experian report as the aforementioned erroneous remark.

17. Despite Defendants' representations on the credit report that the credit report is accurate and comports with the FCRA, Defendants have still re-aged a stale debt which should not be collected on.

18. Despite Plaintiff's exhaustive efforts to date to remove this balance, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate

4

**COMPLAINT**

information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory information about Plaintiff.

19. Plaintiff has applied for and been denied loans and extensions of consumer credit, and Plaintiff is informed and believes and thereupon alleges that the basis for these denials was the inaccurate and erroneous information that appears on Plaintiff's credit report.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

21. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional, and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss,

23. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file. Plaintiff has also been unable to get a home loan due to her credit score being affected.

  ///

**COMPLAINT**

### FIRST CLAIM FOR RELIEF

### DEFENDANTS ACS AND WELLS FARGO VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA) §1681 *et seq.*

### (Against All Wells Fargo and ACS)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 23, inclusive, as though they were fully set forth herein.

25. At all time pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

26. At all time pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

27. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants ACS and Wells Fargo are liable to the Plaintiff for engaging in the following conduct:

   a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Experian;

   c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   e) willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   f) willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff

**COMPLAINT**

submitted to Defendant Experian, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

28. The conduct of Defendants ACS and Wells Fargo was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, all aforementioned Defendants are liable to the Plaintiff for the full statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

## SECOND CLAIM FOR RELIEF
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA), 15U.S.C. §1681 *et seq.*
### (Against Experian)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 28, inclusive, as though they were fully set forth herein.

30. At times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

31. At times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as defined by 15 U.S.C. §1681a(b) and (f).

32. Defendant Experian violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s(2)(b);

7

**COMPLAINT**

a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to furnishing entities in violation of 15 U.S.C. §1681i(a);

c) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation in violation of 15 U.S.C. §1681i(a);

f) willfully and negligently failing to note the dispute of inaccurate information and in subsequent consumer reports in violation of 15 U.S.C. §1681i(a);

g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report information and file, in violation of 15 U.S.C. §1681e(b);

i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being

8

**COMPLAINT**

unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

33. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. For an order that, by the acts complained herein, Defendants have violated 15 U.S.C. §1681 *et seq.*.

2. For an order awarding Plaintiff actual damages.

3. For an order awarding Plaintiff statutory damages.

4. For an order awarding Plaintiff punitive damages.

5. For an order awarding Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n and 1681o.

6. For an order requiring Defendants to correct Plaintiff's credit report.

7. For such other and further relief as the Court may deem just and proper.

///
///
///
///

9

**COMPLAINT**

Dated: May 27, 2014

RESPECTFULLY SUBMITTED

By: _____

Anna Serrambana, Esq.
Surf City Lawyers
Attorney for Plaintiff, Ranesha Williams

## JURY DEMAND

PLEASE TAKE NOTE that Plaintiff hereby demands a trial by jury in this action.

10

**COMPLAINT**